IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CARLTON DURR | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | No. 09-4232 |
| ROCHESTER CREDIT CENTER, INC., et al. | : | |

**MEMORANDUM**

Ludwig, J.                                                                                                               June    , 2012

This class action is under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. Jurisdiction is federal question. 28 U.S.C. § 1331.

Plaintiff's second amended complaint alleges that defendants Rochester Credit Center, Inc. and Collecto, Inc. d/b/a EOS CCA violated the FDCPA by including "The Credit Bureau" on collection letters. Second amended complaint, ¶¶ 1, 11. According to the pleadings, a "credit bureau" "is commonly understood to be an agency that assembles credit histories and produces credit reports." Id., ¶ 12. As such, it is a "consumer reporting agency" as that term is defined under the Fair Credit Reporting Act. 15 U.S.C. § 1681a(f).[1] It is different from a collection agency.[2] Therefore, plaintiffs' pleading alleges, the use of the name is both deceptive and misleading, and in violation of a specific provision of the

---

[1] See infra, note 7.

[2] Credit reporting agencies play an important role in the determination of a consumer's credit worthiness. Declaration of Evan Hendricks, Credit Reporting Expert, Exhibit B to plaintiffs' response to defendants' motion for summary judgment, at ¶¶ 5, 6, 12-14. Philbin v. Trans Union, 101 F.3d 957, 962 (3d Cir. 1996) (recognizing the "crucial role that consumer reporting agencies play in collecting and transmitting consumer credit information, and the detrimental effects inaccurate information can visit."). In contrast, debt collectors do not play such an important role in a consumer's efforts to obtain credit.

FDCPA banning the false implication that a debt collector is a credit reporting agency. 15 U.S.C. §§ 1692e, 1692e(16).[3]

Defendants' motion for summary judgment contends that RCC does act as a credit reporting agency. Therefore, use of the trade name "The Credit Bureau" is not false, and does not violate § 1692e(16). Moreover, the motion alleges, the prominent reference to its "Collection Division" in the heading of the letter, and the inclusion of statutorily prescribed language in the body of the letter, make clear to the "least sophisticated consumer" that the letter is from a debt collector, not a credit bureau. Therefore, the letter does not violate § 1692e. However, summary judgment must be denied.[4]

The summary judgment record contains the following:[5]

On February 12, 2009, plaintiff received a letter regarding a debt allegedly due.

---

[3] 15 U.S.C. § 1692e prohibits the use of "any false, deceptive or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e(16) more specifically prohibits "the false representation or implication that a debt collector operates or is employed by a consumer reporting agency as defined by § 1681a(f) of [the FCRA]."

[4] Under Fed. R. Civ. P. 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion." Fed. R. Civ. P. 56(a). The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof." Grosso v. Univ. Pittsburgh Med. Ctr., 2012 WL 787481, at *9-10 (W.D. Pa., filed Mar. 9, 2012), citing Marten v. Godwin, 499 F.3d 290, 295 (3d Cir. 2007). "In deciding a summary judgment motion, a court must view the facts in the light most favorable to the nonmoving party and must draw all reasonable inferences, and resolve all doubts in favor of the nonmoving party." Id. (citations omitted).

[5] The summary judgment record includes the pleadings, responses to discovery requests, deposition testimony, and affidavits.

Second amended complaint, ¶ 10; February 12, 2009 letter, Exhibit A to second amended complaint. The letter was sent by the "CREDIT BUREAU OF ROCHESTER." Exhibit A. The heading of the letter reads:

> The
> **CREDIT BUREAU**
> Collection Division

Id. The letter ends, at the bottom:: "**THIS IS AN ATTEMPT TO COLLECT A DEBT BY A DEBT COLLECTOR AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE." Id.

In December 2008, Collecto, Inc. purchased The Credit Bureau d/b/a Rochester Credit Bureau. Deposition Testimony of Jill Reed, at 7-8.[6] Previously, the company operated under the names "The Credit Bureau," "Rochester Credit Bureau," and "Rochester Credit Center, Inc." Id. RCC at one time operated as an "original credit reporting agency," but sold this arm of its business to Equifax in the 1980s. Id., at 29. At that time, RCC became a reseller of credit reports and, in that capacity, obtains consumer reports, repackages them, and sells them to clients.[7] Id., at 15, 30-39, 65-66.

---

[6] Director of New York Operations for RCC.

[7] The Fair Credit Reporting Act defines a "consumer reporting agency" as:

> any person which, for monetary fees, dues, or on a cooperative non-profit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers with the purpose of furnishing consumer reports to third parties, and which uses any means or facility of inter-state commerce for the purpose of preparing or furnishing consumer reports.

3

At the time of the purchase of The Credit Bureau, the company's principal business was debt collection. Deposition testimony of John Burns, at 13.[8] While a division of RCC was a credit reporting agency in prior years, defendants were aware that RCC had divested its credit reporting business before 2000. Id., at 16. In February 2009, at the time at issue, RCC was engaged only in debt collection and was not engaged in any form of credit reporting. Id., at 17.

As to defendants' operation as a credit reporting agency, according to defendants' answers to interrogatories:

> 8. Set forth in detail your practice of assembling or evaluating credit or other information on consumers for the purpose of furnishing consumer reports to third parties.
>
> Answer: Collecto does not assemble or evaluate credit or other information on consumers for the purpose of furnishing consumer reports to third parties.

---

15 U.S.C. § 1681a(f).

A "reseller" is:

[A] consumer reporting agency that -

(1) assembles and merges information contained in the database of another consumer reporting agency or multiple consumer reporting agencies concerning any consumer for purposes of furnishing such information to any third party, to the extent of such activities; and

(2) does not maintain a database of the assembled or merged information from which new consumer reports are produced.

15 U.S.C. § 1681a(u).

[8] Vice President for Corporate Services and Interim Chief Financial Officer at Collecto.

      10. Describe policies and procedures utilized by you to avoid violation of the Fair Debt Collection Practice Act's ban on falsely representing or implying a debt collector operates as a consumer reporting agency, 15 U.S.C. § 1692e(16), and attach any documents which relate to this interrogatory and your response.

      Answer: Collecto has no such records as Collecto was not operating as a credit bureau.

      11. Describe the policies and procedures utilized by you to maintain compliance with the requirements of the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq., and attach any documents which relate to this interrogatory and your response.

      Answer: Objection. Collecto objects to this Interrogatory as it seeks information which is not relevant to the claims asserted in the Second Amended Complaint and because it seeks information that is not reasonable [sic] likely to lead to discoverable information. Subject to and without waiving this objection, Collecto was not furnishing any credit information as to Plaintiff and was not acting as a credit bureau with respect to Plaintiff or any members of the putative class.

Answers to Interrogatories Directed to Defendant, Exhibit D to plaintiff's response to defendants' motion for summary judgment.

    Defendants' motion for summary judgment denies any false implication associated with its use of the name "The Credit Bureau." Defendants also emphasizes that the letter sent to plaintiff, notwithstanding the use of the "The Credit Bureau," was sufficiently clear that the letter was from a debt collector - and not from a credit reporting agency.

    With respect to the general claim that the letter was deceptive because it suggested a credit reporting agency was involved in the collection effort, whether or not a collection letter creates a misleading impression is judged from the perspective of the "least sophisticated consumer." Brown v. Card Services Ctr., 464 F.3d 450, 453 (3d Cir. 2006).

If a letter "can be reasonably read to have two or more meanings, one of which is inaccurate," and misleading it is deceptive. Rosenau v. Unifund, 539 F.3d 218, 222 (3d Cir. 2008).

Here, the evidence viewed in the light most favorable to the non-moving party, is that the letter in question is equally susceptible to different interpretations, one of which is at odds with the other. With respect to the more specific claim that the letter suggests that a consumer reporting agency is involved with the collection of the debt, a genuine issue of material fact exists.


                                  BY THE COURT:


                                  /s/ Edmund V. Ludwig
                                  Edmund V. Ludwig, J.